UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| In re: | ) | |
|---|---|---|
| | ) | Case No. 18-11064 |
| Ben Moyers, | ) | Chapter 13 |
| SSN: XXX-XX-7344 | ) | Hearing Date: |
| | ) | Hearing Time: 1:30pm |
| Debtor(s) | ) | Hearing Loc: Cape Girardeau |
| | ) | |

**CHAPTER 13 PLAN**

| 1.1 | A limit on the dollar amount of a secured claim, which may result in a partial payment or no payment at all to the secured creditor. | ___ Included  _X_ Not Included |
|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest. | ___ Included  _X_ Not Included |
| 1.3 | Nonstandard provisions set out in Part 5. | ___ Included  _X_ Not Included |

**Part 1.**     **NOTICES**

**TO DEBTORS:** This form sets out options that may be appropriate in some cases, but the presence of an option does not indicate that the option is appropriate in your circumstances or that it is permissible in the Eastern District of Missouri. **Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**TO CREDITORS: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment, you or your attorney must file an objection to confirmation in accordance with the Eastern District of Missouri Local Bankruptcy Rule 3015. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. **YOU MUST FILE A TIMELY PROOF OF CLAIM IN ORDER TO PARTICIPATE IN DISBURSEMENTS PROPOSED IN THE PLAN. CLAIMS SHALL SHARE ONLY IN FUNDS DISBURSED AFTER THE CHAPTER 13 TRUSTEE RECEIVES THE CLAIM.**

**Part 2.**     **PLAN PAYMENTS AND LENGTH OF PLAN**

2.1     **Plan Payments**. **Debtor is to make regular payments to the Chapter 13 Trustee as follows: (complete one of the following payment options)**

   (A) $1,200.00 per month for 60 months.

   (B) $_____ per month for _____ months, then $_____ per month for _____ months, then $_____ per month for _____ months.

    (C) A total of $_____ through _____, then $_____ per month for _____ months beginning with the payment due in _____, 20\_\_\_\_.

2.2    **Tax Refunds**. Within fourteen days after filing federal and state income tax returns, Debtor shall provide the Chapter 13 Trustee with a copy of each return required to be filed during the life of the plan.  The Debtor shall send any tax refund received during the pendency of the Chapter 13 case to the Trustee; however, Debtor may retain a portion of a tax refund to pay income taxes owed to any taxing authority for the same period as the refund. Debtor may also retain $1,250 for single filers or $1,500 for joint filers and refundable tax credits consisting of Earned Income Credit (EIC) and Additional Child Tax Credit, each year.

2.3    **Additional Lump Sums**. Debtor shall send additional lump sum(s) consisting of _____, if any, to be paid to the Trustee.

**Part 3.**    **DISBURSEMENTS**

Creditors shall be paid in the following order and in the following fashion. Unless stated otherwise, the Chapter 13 Trustee will make the payments to creditors.  All disbursements by the Trustee will be made pro-rata by class, except per month disbursements described below. However, if there are funds available after payment of equal monthly payments in paragraph 3.5 and fees in paragraph 3.6, those funds may be distributed again to those same paragraphs until paid in full before distributing to the next highest paragraphs:

3.1    **Trustee**.  Pay Trustee a percentage fee as allowed by law.

3.2    **Executory Contract/Lease Arrearages**. Trustee will cure pre-petition arrearage on any executory contract accepted in paragraphs 3.3(A) or (B) over the following period, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD (6 months or less) |
|---|---|---|
| | | 6 months |

3.3    **Pay the following sub-paragraphs concurrently:**

(A) **Post-petition real property lease payments**. Debtor assumes executory contract for real property with the following creditor(s) and proposes to maintain payments (which the Debtor shall pay) in accordance with terms of the original contract as follows:

| CREDITOR NAME | MONTHLY PAYMENT |
|---|---|

(B) **Post-petition personal property lease payments**. Debtor assumes executory contract for personal property with the following creditor(s) and proposes to maintain payments (which the Trustee shall pay) in accordance with terms of the original contract as follows:

| CREDITOR NAME | MONTHLY PAYMENT | EST MONTHS REMAINING |
|---|---|---|

2

(C) **Continuing Debt Payments (including post-petition mortgage payments on real estate, other than Debtor's residence.)** Maintain payments of the following continuing debt(s) in accordance with terms of the original contract with any arrearages owed at the time of filing to be cured in paragraph 3.5(A). Trustee shall make payments in the amount listed below or as adjusted by the creditor under terms of the loan agreement.

| CREDITOR NAME | MONTHLY PAYMENT |
|---|---|
| | |

(D) **Post-petition mortgage payments on Debtor's residence.** Payments due post-filing on debt(s) secured by lien(s) on Debtor(s) residence shall be paid at the monthly amount listed below (or as adjusted by creditor under terms of loan agreement) to:

| CREDITOR NAME | MONTHLY PAYMENT | BY DEBTOR/TRUSTEE |
|---|---|---|
| PennyMac | $852.00 | Debtor |

(E) **DSO Claims in equal installments.** Pay pre-petition domestic support obligation arrears (not provided for elsewhere in the plan) in full in equal monthly installments over the life of the plan, estimated as:

| CREDITOR NAME | TOTAL AMOUNT DUE | INTEREST RATE |
|---|---|---|
| | | 0.00 |

3.4   **Attorney Fees**. Pay Debtor's attorney $_____ in equal monthly payments over _____ months (no less than 18 months). Any additional fees allowed by the Court shall be paid pursuant to paragraph 3.6 below. [See procedures manual for limitations on use of this paragraph]

3.5   **Pay the following sub-paragraphs concurrently**:

(A) **Pre-petition arrears on secured claims paid in paragraph 3.3**. Pay pre-petition arrearage on debts paid under paragraphs 3.3(C) or (D) in equal monthly installments over the period set forth below and with the interest rate identified below, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD | INTEREST RATE |
|---|---|---|---|
| | | 48 months | 0.00 |

(B) **Secured claims to be paid in full**. The following claims shall be paid in full in equal monthly payments over the period set forth below with 6.75**%** interest:

| CREDITOR | EST BALANCE DUE | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|
| Scott Credit Union | $30,038.81 | 58 months | $35,288.36 |
| UBC Credit Union | $20,894.22 | 58 months | $24,545.60 |

(C) **Secured claims subject to modification**. Pay all other secured claims the fair market value of the collateral, as of the date the petition was filed, in equal monthly payments over the period set forth below with 6.75**%** interest and with any balance of the debt to be paid as non-priority unsecured debt under paragraph 3.9(A), estimated as set forth below. If no period is set forth below for a claim to be paid under this paragraph, the claim will be paid over the plan length.

3

CREDITOR          BALANCE DUE      FMV    REPAY PERIOD    TOTAL w/ INTEREST
                                          58 months

(D) **Co-debtor debt paid in equal monthly installments**. The following co-debtor claims(s) to be paid by Trustee or by the co-debtor as noted below.  If paid by Trustee, such claim(s) shall be paid in equal monthly installments over the period and with interest as identified below:

CREDITOR    EST BALANCE   TRUSTEE/CO-DEBTOR    PERIOD  INTEREST RATE
                          Co-Debtor            Per Contract    Per Contract

(E) **Post Petition Fees and Costs**.  Pay any post-petition fees and costs as identified in a notice filed pursuant to Federal Rule of Bankruptcy Procedure 3002.1 as a supplement to an allowed claim or any other post-petition fees and costs which the Court allows and orders the Trustee to pay. Any such amounts shall be paid in equal monthly payments over the remainder of the plan duration and shall not receive interest.

3.6    **Additional Attorney Fees**.   Pay $3,910.00 of Debtor's attorney's fees and any additional Debtor's attorney's fees allowed by the Court.

3.7    **Pay sub-paragraphs concurrently**:

(A) **Unsecured Co-debtor Guaranteed Claims**. The following unsecured co-debtor guaranteed debt to be paid by Trustee or by the co-debtor as noted below.  If paid by Trustee, pay claim in full with interest rate as identified below:

CREDITOR NAME    EST TOTAL DUE   TRUSTEE/CO-DEBTOR   INTEREST RATE
                                 Co-Debtor           Per Contract

(B) **Assigned DSO Claims**.  Domestic support obligation arrearages assigned to, or recoverable by, a governmental unit, will be paid a fixed amount with the balance to be owed by Debtor(s) after completion of the Plan, pursuant to §§ 507(a)(1)(B) and 1322(a)(4). Regular payments that become due after filing shall be paid **directly** by Debtor(s):

CREDITOR          TOTAL DUE        TOTAL AMOUNT PAID BY TRUSTEE

3.8    **Priority Claims.** Pay priority claims allowed under § 507 that are not addressed elsewhere in the plan in full, estimated as follows:

CREDITOR NAME                TOTAL AMOUNT DUE
Missouri Department of Revenue        $3,000.00

3.9    **Pay the following sub-paragraphs concurrently**:

(A) **General Unsecured Claims**. Pay non-priority, unsecured creditors. Estimated total owed: $40,067.98.  Amount required to be paid to non-priority unsecured creditors as determined by §1325(a)(4) hypothetical Chapter 7 liquidation calculation: $0.00.  Amount required to be paid to nonpriority unsecured creditors as determined by §1325(b) calculation: $13,317.60.  Debtor guarantees a minimum of **$13,317.60** (Dollar amount or 100%) will be paid to non-priority

4

unsecured creditors.

(B) **Surrender of Collateral**. Debtor proposes to surrender the following collateral to the following creditor(s). (Choose one).
  x☐ Any deficiency shall be paid as non-priority unsecured debt.
  ☐ The Trustee shall stop payment on the creditor's claim until such time as the creditor files an amended claim showing the secured and unsecured deficiency (if any) still owed after sale of the surrendered collateral.

| CREDITOR | COLLATERAL |
|---|---|
| One Main Financial | 2004 GMC 1500 SLT |

(C) **Rejected Executory Contracts/Leases.** Debtor rejects the following executory contract(s) with the following creditor(s). Any balance will be paid as non-priority unsecured debt:

| CREDITOR | CONTRACT/LEASE |
|---|---|

**Part 4.        OTHER STANDARD PLAN PROVISIONS**

4.1     Absent a specific order of the Court to the contrary, the Chapter 13 Trustee, rather than the Debtor, will make all pre-confirmation disbursements pursuant to § 1326(a).

4.2     All creditors entitled to pre-confirmation disbursements, including lease creditors, must file a proof of claim to be entitled to receive payments from the Chapter 13 Trustee.

4.3     The proof of claim shall control the valuation of collateral and any valuation stated in the plan shall not be binding on the creditor.

4.4     The Trustee, in the Trustee's sole discretion, may determine to reserve funds for payment to any creditor secured by a mortgage on real estate pending filing of a claim.

4.5     Any post-petition claims filed and allowed under § 1305 may be paid through the plan.

4.6     Debtor is not to incur further credit or debt without the consent of the Court unless necessary for the protection of life, health or property and consent cannot be obtained readily.

4.7     All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under § 1328. However, Debtor will request avoidance of non-purchase money liens secured by consumer goods as well as judicial liens which impair exemptions and said creditors will not retain their liens if the court enters an order granting Debtor's request to avoid the liens.

4.8     Any pledged credit union shares or certificates of deposit held by any bank shall be applied to the amount owed such claimant.

**Part 5.        NONSTANDARD PLAN PROVISIONS**

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A

5

nonstandard provision is a provision not otherwise included in the Official Form or Local Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "included" in Part 1 of this Plan:**

**5.1**
_____
_____
_____

**5.2**
_____
_____
_____

**Part 6.**   **VESTING OF PROPERTY OF THE ESTATE**

6.1   Title to Debtor's property shall re-vest in Debtor(s) upon confirmation.

**Part 7.**   **CERTIFICATION**

**The debtor(s) and debtor(s) attorney, if any, certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 13 of the Eastern District of Missouri, other than any Nonstandard Plan Provisions in Part 5.**

DATE: 12/10/2018   DEBTOR: /s/ Benjamin Moyers

DATE: 12/10/2018   /s/LesleyM.Dormeyer
LESLEY M. DORMEYER, 59877MO
1416 North Kingshighway
Cape Girardeau, MO 63701
(573) 332-1001
(573) 332-1077 (fax)
lesleydormeyer@yahoo.com

**SAMPLES - CERTIFICATION OF SERVICE**

I.   I certify that a true and correct copy of the Chapter 13 Plan was filed electronically on December 21, 2018 with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

III.   I certify that a true and correct copy of the Chapter 13 Plan was filed electronically with the United States Bankruptcy Court, and has been served on the following Insured Depository Institution pursuant to Fed. R. Bankr. P. 7004(h), or on the United States, or any of its officers or agencies pursuant to Fed. R. Bank. P. 7004(b)(4) or (5), on December 21, 2018 by first class mail addressed to the following persons:

Art Van Furniture/Synchrony Bank
PO Box 965030
Orlando, FL 32896

Credit One Bank
P.O. Box 98873
Las Vegas, NV 89193-8873

Dana Lynch
96 Doe Run
Oran, MO 63771

Division of Child Support Enforcement
Department of Social Services
615 Howerton Court Building
PO Box 2320
Jefferson City, MO 65101

First Premier Bank
PO Box 5529
Sioux Falls, SD 57117-5529

Heights Finance Corporation
3441 William Street, Suite B
Cape Girardeau, MO 63701

Indigo Credit Card/Genesis FS Card
PO Box 4477
Beaverton, OR 97076

Jora Financial
PO BOX 8407
Philadelphia, PA 19101

Midwest Recovery Systems
2747 W Clay Street
Saint Charles, MO 63301

Missouri Department of Revenue
Bankruptcy Unit
P.O. Box 475
Jefferson City, MO 65105-0475

National Credit Adjusters
327 W 4th Avenue
PO Box 3023
Hutchinson, KS 67501

One Main Financial
3065 William Street Suite 101
Cape Girardeau, MO 63701

Paypal Credit
PO Box 105658
Atlanta, GA 30348-5658

PennyMac
P.O. Box 30597
Los Angeles, CA 90030-0597

Progressive Leasing
256 W. Data Dr.
Draper, UT 84020

Reflex/Continental Finance Card
PO Box 6812
Carol Stream, IL 60197

Saint Francis Medical Center
211 St. Francis Drive
Cape Girardeau, MO 63703

Scott Credit Union
101 Credit Union Way
PO Box 70
Edwardsville, IL 62025

Security Finance
125 S. Broadview St.
Suite 4
Cape Girardeau, MO 63701

Snap Finance
PO Box 26561
Salt Lake City, UT 84126

Tower Loan
121 S. Broadview #9
Cape Girardeau, MO 63701

UBC Credit Union
1547 S Broadway Avenue
Saint Louis, MO 63104

World Finance
285 South Plaza Way
Cape Girardeau, MO 63701

/s/Lesley M Dormeyer
Lesley M Dormeyer